| | |
|---|---|
| DR. JOSEPHINE S. LOCKLEAR, MARGARET H. CHAVIS, RENEE HAMMONDS, and CAROLINE WILLIAMSON,<br><br>        Plaintiffs,<br><br>v.<br><br>THE ROBESON COUNTY BOARD OF EDUCATION,<br><br>        Defendant. | CIVIL ACTION<br><br>NO.: 7:04-CV-54 F3 |

## COMPLAINT

### I. Introduction and Jurisdiction

1. This is a proceeding seeking legal, equitable and declaratory relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* (Title VII), and the Civil Rights Act of 1866, 1971 and 1991, 42 U.S.C. §§1983, 1981 and 1981a. Plaintiffs have been and are being deprived of equal employment opportunities and accommodations because of their race and in violation of the Fourteenth Amendment to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII, 42 U.S.C. §§2000e *et seq.*,

and by 42 U.S.C. §§1983, 1981 and 1981a. Jurisdiction is also invoked pursuant to 42 U.S.C. §2000e *et seq.* and 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being a proceeding seeking a declaratory judgment, declaring illegal the acts and practices of defendant complained of herein as violative of the rights secured to plaintiffs by Title VII and 42 U.S.C. §§1983, 1981 and 1981a.

## II.     Parties

4. Three of the plaintiffs, Dr. Josephine Locklear, Margaret H. Chavis and Renee Hammonds, are Native American citizens of the United States, domiciled in Robeson County, North Carolina. The fourth plaintiff, Caroline Williamson, is a Caucasian citizen of the United States also domiciled in Robeson County, North Carolina. The four plaintiffs were employed in administrative positions by the defendant during the 2002-2003 school year. Each was discriminatorily denied continued employment in administrative positions by defendant for the 2003-2004 school year. Plaintiffs Hammonds and Williamson continued their employment with defendant but in nonadministrative positions.

A.     Plaintiff Dr. Josephine S. Locklear was employed by defendant as Tech Prep Coordinator during the 2002-2003 school year. She had previously been employed for more than 34 years by the School System. For approximately 13 years she served in administrative positions. Plaintiff Locklear retired from the School System for health reasons in 1998 but she recovered and was rehired in an administrative position for the 2002-2003 school year. Defendant had special needs in the System and needed plaintiff Locklear's training and expertise. That need has continued up to the present but

defendant refused to continue plaintiff Locklear's contract for the 2003-2004 school year because of plaintiff Locklear's race and in retaliation for her complaints about defendant's racial practices and because of her support of the Native American Superintendent who was dismissed by defendant at the close of the 2002-2003 school year. Plaintiff Locklear requested a hearing pursuant to established policies of the School System but defendant refused to accord her a hearing or other due process protections.

B. Plaintiff Margaret H. Chavis was employed by defendant for more than nine years as Director of Indian Education. She has been employed by the System for more than 30 years. At the end of the 2002-2003 school year, defendant refused to renew her contract. Defendant acted on the basis of plaintiff Chavis' race (Native American) and in retaliation for her complaints about defendant's racially discriminatory practices and because of her support of the Native American Superintendent who was dismissed at the close of the 2002-2003 school year. Plaintiff Chavis requested a hearing before the full Board pursuant to established Board polices. Defendant, however, denied her a hearing and other due process protections.

C. Plaintiff Renee Hammonds was employed by defendant as Parent Coordinator during the 2002-2003 school year. She has been with the School System for more than 9 years. Plaintiff Hammonds complained about defendant's racial practices and defendant's discriminatory treatment of the Native American Superintendent. Defendant then refused to continue plaintiff Hammonds' contract as Parent Coordinator for the 2003-2004 school year in breach of plaintiff Hammonds' contractual rights and her rights under Title VII and 42 U.S.C. §§ 1983, 1981 and 1981a. Defendant acted to retaliate against plaintiff Hammonds because she had attempted to exercise her rights

under Title VII and under the United States Constitution. Defendant also acted to discriminate against plaintiff Hammonds because of her race. Plaintiff Hammonds requested a hearing but was denied a hearing as well as other due process protections. In order to reduce her losses plaintiff Hammonds accepted a nonadministrative position for 2003-2004 at a substantially lower salary.

D. Plaintiff Caroline Williamson was initially employed by defendant for the 1988-1989 school year. She was promoted in 1999 to Instructional Generalist and in January 2003 to Initial License Teacher Coordinator. Based on her expressed concerns about defendant's discriminatory treatment of the Native American Superintendent and other racially discriminatory practices, defendant refused to continue plaintiff Williamson's employment as Initial License Teacher Coordinator for the 2003-2004 school year. Defendant's action violated the Civil Rights Act of 1991 and of 1866 and breached defendant's contractual obligations to plaintiff Williamson. Plaintiff Williamson requested a hearing but defendant refused to grant her a hearing and other due process protections. In refusing to continue plaintiff Williamson's employment, defendant acted to retaliate against plaintiff Williamson because of her complaints about defendant's racial practices. In order to reduce her loses, plaintiff Williamson continued her employment with defendant in a nonadministrative position but at a substantially reduced salary. She is still employed by defendant in a lower paying job.

E. The plaintiffs join in this proceeding to seek injunctive and other equitable relief against defendant's racially discriminatory practices. Plaintiffs also seek individual actual, compensatory and punitive damages for the injuries they sustained as a result of defendant's practices.

5. The defendant, Robeson County Board of Education, is a public body corporate with power to sue and to be sued in its corporate name. Defendant operates the Public Schools of Robeson County. Among other things, defendant hires, promotes, disciplines and assigns teachers and school personnel within the Robeson County Public Schools. Defendant is an employer within the meaning of Title VII and §§ 1983, 1981 and 1981a and has the authority to sue and to be sued in its corporate name.

### III. Facts

6.A. For several years, defendant has limited the opportunities of Native Americans to participate in leadership positions in the School System. At the close of the 2002-2003 school year, defendant removed the Native American Superintendent and proceeded to punish and retaliate against employees and others who defendant believed had supported the Superintendent. Plaintiffs have been adversely affected by defendant's discriminatory and retaliatory practices.

    B. Defendant has traditionally followed the practice of hiring incumbent administrative employees for future years, including those who have retired or resigned but have expressed interest in continued employment.

    (i) Plaintiffs Locklear and Chavis had resigned but were employed during the 2002-2003 school year. They requested continued employment for the 2003-2004 on the same basis as similarly retired employees. They were denied employment for 2003-2004 because of their race and in retaliation for protesting defendant's racial practices.

    (ii) Plaintiff Hammonds had a 12 month contract and sought to continue her employment on the same basis as other employees. Defendant

refused to continue her employment as an administrator for no reason other than her race and in retaliation for her complaints about defendant's racial practices.

(iii) Plaintiff Williamson had an administrative contract that ran through June 30, 2003. Defendant refused to continue her employment because of her protests against defendant's racially discriminatory employment practices.

(iv) Defendant's conduct and practices violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. §§ 1983, 1981 and 1981a. Plaintiffs Locklear, Chavis and Hammonds filed timely charges of employment discrimination with EEOC. EEOC was unable to resolve their complaints and issued right-to-sue letters. Plaintiffs have initiated this proceeding within the time allowed by law.

(v) Plaintiff Williams is prosecuting her claims under the Civil Rights Act of 1866 and 1991, 42 U.S.C. § 1983, 1981 and § 1981a.

## IV.  Damages

7.A. As a result of defendant's practices, plaintiffs have each suffered actual and compensatory damages and are continuing to do so.

B. Defendant's practices have been intentional and malicious. Defendant has been aware that its actions are inconsistent with the provisions of Federal and State law and that it is depriving plaintiffs of vested federal and state constitutional and statutory rights. Plaintiffs requested a hearing as required by defendant's local rules and by the United States and State Constitutions but defendant has denied plaintiffs a hearing and other due process rights. Defendant's conduct and practices entitle plaintiffs to relief as requested herein.

C. Plaintiffs have no other remedy to redress their grievances other than this proceeding in equity and law to recover injunctive relief and damages for the intentional discriminatory practices of the defendant.

## V. Jury Trial Requested

8. Plaintiffs request that this matter be scheduled for trial by jury on all issues asserted herein.

## VI. Prayer for Relief

WHEREFORE, plaintiffs pray:

1. That the Court schedule a hearing in this matter at the earliest convenience of the Court and, after such hearing that the Court enjoin the defendant from engaging in further discriminatory practices based on race and color;

2. That the Court enjoin the defendant to reinstate the plaintiffs in the positions they previously held in the School System;

3. That the Court grant the plaintiffs actual and compensatory damages in such amounts as the Court deems appropriate;

4. That the Court award the plaintiffs their costs, including reasonable attorney fees and expenses; and,

5. That the Court grant such other and further relief as may be appropriate;

This 4th day of March, 2004.

                Respectfully submitted,

                */s/ Julius L. Chambers*
                JULIUS L. CHAMBERS
                N.C.BAR No: 769
                Ferguson, Stein, Chambers, Adkins,
                    Gresham & Sumter, P.A.
                741 Kenilworth Avenue, Suite 300
                Charlotte, North Carolina 28204
                Telephone: (704) 375-8461

                Attorney for Plaintiffs